UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00075-HBB

**MICHAEL G. CERVETTO**                                                                 **PLAINTIFF**

**VS.**

**MARK J. POWELL and**
**TRANSERVICE LOGISTICS INC.**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Michael G. Cervetto's ("Cervetto") motion in limine to exclude evidence or testimony that Defendant Mark J. Powell ("Powell") suffered an unexpected blackout event and that this was the cause of the accident (DN 70). The Defendants Powell and Transervice Logistics, Inc. ("Transervice") have filed a response in opposition (DN 73), and Cervetto has filed a reply (DN 75).

### Nature of the Case

In late June of 2013 both Cervetto and Powell were operating commercial motor vehicles on Interstate 65 North in Edmonson County, Kentucky. Powell was employed by Transervice at the time. While Cervetto was passing Powell using the left lane, Powell's vehicle veered into Cervetto's lane, making contact with his truck and sending both vehicles into the concrete barrier near the median of the highway (DN 53). Included among the affirmative defenses in Powell's answer was a blackout defense: "Pleading in the affirmative, the Defendants specifically plead that the automobile accident which is the subject of this lawsuit was the result of an unforeseeable blackout on the part of Defendant Powell" (DN 9, ¶ 16). In support of this

defense, the Defendants retained Dr. Hal Corwin, a board-certified neurologist practicing in Louisville, Kentucky. (DN 37).

## Cervetto's Motion in Limine

On April 11, 2016, the Defendants conducted a video deposition of Dr. Corwin for use at trial. Dr. Corwin's testimony was based upon his review of Powell's medical records, and he testified that he did not believe the sudden loss of consciousness which Powell experienced at the time of the accident would have been reasonably foreseeable (DN 73-3, p. 3). Cervetto contends that Dr. Corwin did not testify that Powell did, in fact, experience a blackout which caused the accident. He notes that Dr. Corwin could not identify the specific medical cause of the blackout. This, he contends, fails to establish through testimony based upon reasonably medical probability that a blackout event was the cause of the accident, and, as such, Defendants should be precluded from offering any evidence or testimony on the issue.

## The "Blackout" Defense in Kentucky

Although commonly referred to as the "blackout defense," the legal principle is more accurately labeled "sudden incapacity" as it includes a variety of medical emergencies in addition to a sudden loss of consciousness. The defense was recognized in Rogers v. Wilhelm-Olsen, 748 S.W.2d 671 (Ky. Ct. App. 1988):

> Where a defendant demonstrates that he suddenly became incapacitated while driving, and the ensuing accident was a result thereof, and further demonstrates that the sudden incapacity was not reasonably foreseeable, he shall have a defense to any liability that would otherwise arise from the accident.
>
> The defense is unavailable where the defendant was put on notice of facts sufficient to cause an ordinary and reasonable person to anticipate that his or her driving might likely lead to the injury of others.

Id. at p. 673. Rogers also recognized exceptions to the defense where the Defendant is violating a statutory duty such as refraining from driving while intoxicated or to drive within the posted speed limit. Id.

In order to avail himself of the blackout defense, Powell must establish three elements: (1) he experienced a sudden incapacity; (2) the sudden incapacity caused the accident, and; (3) the sudden incapacity was not reasonably foreseeable. The issue of foreseeability is generally one for the trier of fact. Thornton v. Lees, No. 2007-145 (WOB), 2008 U.S. Dist. LEXIS 80898, at *3-4 (E.D. Ky. Oct. 10, 2008).

Analysis

Although styled as a motion in limine, Cervetto's motion is in essence a request for summary judgment on Powell's blackout defense. Cervetto does not challenge Dr. Corwin's qualifications as an expert witness, nor does he challenge the adequacy of the medical foundation upon which his opinions were based under Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Rather, he argues that the Defendants have failed to provide sufficient medical proof that Powell suffered a sudden incapacity or that this was the cause of the accident so as entitle them to advocate for the blackout defense at trial. As Defendants point out in their response, however, they have only offered Dr. Corwin to establish that the blackout was not reasonably foreseeable, in that it did not likely result from any of Powell's pre-existing medical conditions. They intend to establish the other elements by Powell's own testimony. Powell has testified that he had a blackout at the time of the accident. See DN 73-1, p. 2, 5 & 7. The question relevant to Cervetto's motion, therefore, is whether medical testimony, based upon reasonable medical probability, is necessary in order to support a blackout defense insofar as the issues of whether the defendant experienced such an episode and

whether that experience was the cause of the accident. The undersigned concludes that medical testimony is not required. In <u>Sloan v. Ibert</u>, No. 2008-CA-001919, 2009 Ky. App. Unpub. LEXIS 1044, at *9 (Ky. App. Dec. 11, 2009) (Unpub.) the court accepted statements of the defendant that he passed out and the accident followed as sufficient to give rise to a factual question for the jury. Cervetto has cited state court cases from a variety of jurisdictions addressing general principles of evidentiary proof of causation; however, he has not provided any authority specifically holding that a blackout defense must be supported by medical testimony.

Cervetto argues in his reply that Powell cannot use the affirmative defense because at the time he was driving the truck he was in violation of DOT regulation § 391.41, which qualifies persons to drive commercial motor vehicles only if they have no current clinical diagnoses of a variety of cardiac conditions. Powell's prior strokes, Cervetto argues, disqualified him from driving. Cervetto contends "Daniel O'Sullivan's June 25, 2013 e-mails confirm Defendant Powell suffered these early May, 2012 strokes and should not have been driving a commercial vehicle for Defendant Transervice, Inc. at the time of the accident with Plaintiff Cervetto" (DN 75, p. 2). The undersigned has already dealt with this argument in DN 66, denying Cervetto's second motion for summary judgment, holding "Cervetto recites the text of O'Sullivan's e-mails. . . . Yet the text of these e-mails does not change the Court's original ruling. The parties have presented conflicting evidence about whether Powell and Transervice knew about Powell's strokes, and, as such, issues of material fact exist" (DN 66, p. 4).

Wherefore, Plaintiff's Motion in Limine, DN 70, is **DENIED**.