UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-00075-HBB

**MICHAEL G. CERVETTO**                                                                                          **PLAINTIFF**

**VS.**

**MARK J. POWELL and
TRANSERVICE LOGISTICS INC.**                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Great West Trucking, Inc. ("Great West") for leave to intervene in this action (DN 86). The Defendants have filed a response in opposition (DN 88), and Great West has filed a reply (DN 91). The matter stands submitted to the undersigned for ruling.

### Nature of the Case and Motion

Plaintiff Michael G. Cervetto ("Cervetto") initiated this action with a complaint filed on June 12, 2014 (DN 1). Cervetto alleges that he was employed by MC Tank Transport Inc. as an over the road truck driver (Id. at ¶ 3). On June 24, 2013, he was involved in a collision with Defendant Mark J. Powell, who was employed as a commercial truck driver by Defendant Transervice Logistics, Inc. (Id. at ¶ 4-6). Cervetto's complaint seeks compensation for personal injury occasioned by the collision. He has also demanded punitive damages. Of relevance to Great West's pending motion, Cervetto does not assert any claim for property damage.

On May 18, 2016, Great West filed the subject motion for leave to intervene pursuant to Fed. R. Civ. P. 24(a). Great West alleges that it was an insurance carrier licensed and regularly

1

doing business in the Commonwealth of Kentucky and, at the time of the accident, had in effect a policy of insurance that obligated it to "provide benefits and/or compensation to its insured MC Tank Transport, Inc., and its employees" (DN 86-1, Tendered Intervening Complaint, at ¶¶ 1 & 4). Great West further alleges that, as a result of the Defendants' negligence, it has "been obligated to pay benefits to its insured, totaling $31,180.00" (Id. at ¶ 5). The Defendants contest the motion on the basis that the intervening complaint is barred by statute of limitation or, alternatively, that the motion is not timely and they will be prejudiced.

Standard of Review

Under Fed. R. Civ. P. 24(a)(2), courts must permit anyone to intervene in an action who claims an interest in the transaction that is the subject of the action and is so situated that disposition of the action may impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest. The Sixth Circuit has interpreted the language of the rule to require the applicant to demonstrate that:

1. The application was timely filed;
2. The applicant possesses a substantial legal interest in the case;
3. The applicant's ability to protect its interest will be impaired without intervention, and;
4. The existing parties will not adequately represent the applicant's interest.

Blount-Hill v. Zelman, 636 F.3d 278, 283 (6th Cir. 2011) (*citing* Grutter v. Bollinger, 188 F.3d 394, 397-98 (6th Cir. 1999)). "Each of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule." Id. As to timeliness, the Sixth Circuit recognizes a five-factor sub-test. The elements are:

1. The point to which the suit has progressed;
2. The purpose for which intervention is sought;
3. The length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case;

4. The prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case, and;
5. The existence of unusual circumstances militating against or in favor of intervention.

Id. (*citing* Jansen v. City of Cincinnati, 904 F.2d 336, 340 (6th Cir. 1990)).

Even if a motion to intervene satisfies the requirements of Fed. R. Civ. P. 24(a)(2), the motion must be denied as futile if the applicable statute of limitations bars the claim. National Trust for Historic Preservation v. Fed. Highway Admin., No. 3:10-CV-7-H, 2010 U.S. Dist. LEXIS 83080, at *2-3 (W.D. Ky. Aug. 13, 2010). As this is a diversity action, the Court looks to Kentucky state law to determine whether the proposed intervening complaint is barred by statute of limitation. "A district court, sitting in diversity, must apply the law of the forum state in determining the statute of limitations." Swanson v. Wilson, 423 F. App'x 587, 592 (6th Cir. 2011). While this Court will apply the Commonwealth of Kentucky's substantive law on the issue, this Court will nonetheless look to the federal rules of civil procedure for procedural guidance. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").

Discussion

Great West's motion to intervene was filed slightly less than three years after the subject accident. Defendants argue that the intervening complaint is not timely under KRS § 413.125, which establishes a two-year statute of limitations for "an action for the taking, detaining or injuring of personal property." In the alternative, Defendants contend that the motion should be denied under the five-factor test for timeliness. They note that this case has been pending for almost two years, and, given Cervetto's continued employment with MC Tank Transport, it is unlikely that Great West would not have known about the case for some time. Defendants

further note that all disclosure and discovery deadlines have passed and the case is now at the final pretrial motion stage. Jury trial is less than two months away, and the Defendants contend that they should not be required to mount a defense to new claims so close in time to trial.

In reply, Great West does not address the Defendants' equitable timeliness argument and focuses on the question of whether the intervening complaint is barred by statute of limitation. In support of its position that the intervening complaint is not time barred, Great West cites Government Employees Ins. Co. v. Winsett, 153 S.W.3d 862 (Ky. Ct. App. 2004).

1. Statute of Limitation

In Winsett, Government Employees Insurance Co. (GEICO) sought to intervene in an action on a subrogation claim. GEICO issued a policy of insurance to plaintiff Simmonds, who was involved in a collision with defendants Winsett and Culbreth. GEICO paid property damage benefits to Simmonds. Simmonds filed suit against Winsett and Culbreth for personal injury. While Simmonds' suit against Winsett and Culbreath was timely filed, GEICO's intervention came more than two years after the accident. The circuit court held that GEICO's intervening complaint was barred by the two-year statute of limitation under KRS § 413.125.

The Kentucky Court of Appeals reversed the circuit court's dismissal of the intervening complaint, finding that the motion was timely. The court began by observing that "a subrogee's claim is strictly derivative of its subrogor with no right to independently maintain a cause of action as long is the insured is pursing the claim." Id. at p. 864 (citing Zurich Am. Ins. Co. v. Haile, 882 S.W.2d 681, 685 (Ky. 1994)). The court further observed "the settled law holds that the Statute of Limitations applicable to the insured is also applicable to the insurer." Id. (citing Whitney v. Louisville & N.R. Co., 177 S.W.2d 139, 140 (Ky. 1944); Waters v. Transit Auth. of River City, 799 S.W.2d 56, 58 (Ky. Ct. App. 1990); Commonwealth, Dept. of Transp. v. All

4

Points Const. Co., 566 S.W.2d 171, 173 (Ky. Ct. App. 1977)). The court went on to hold that, where an insured subrogor timely files an action, the expiration of the statute of limitation will not bar a subsequent intervention by the subrogee. "[W]e hold that a subrogee who moves to intervene in an action timely filed by its subrogor should be allowed to do so even though the Statute of Limitation on the underlying claim may have run if the intervention is applied for in a timely fashion pursuant to CR 24." Id. at p. 865. The court further held that "[p]rior to trial or other disposition of the case is presumptively timely." Id. While Winsett does stand for the proposition advocated in Great West's reply, namely that a statute of limitation will not bar a subrogee's intervention in a case filed by its subrogor, Winsett does not apply to the facts in this case.

Great West's motion and tendered intervening complaint are cryptic. Great West states that it provided insurance, but does not specify what type of coverage it provided or what type of benefits it paid. Great West is vague about the specific identity of the insured from which it derives its subrogation claim. Great West states that it was obligated to provide coverage "to its insured MC Tank Transport, Inc., and its employees" (DN 86-1, Tendered Intervening Complaint, at ¶ 4). However, it refers consistently in its tendered intervening complaint and pleadings to "insured" in the singular. This leaves the question of whether it paid benefits to MC Tank Transport or to Cervetto.

Defendants' response sheds some light on these questions. Defendants state that "[a]fter conferring with the attorney for Great West Trucking, Inc., it has been learned that the 'benefits' in question are for property damage payments made by Great West Trucking, Inc. under MC Tank Transport's automobile collision policy" (DN 88, p. 1-2). Great West's reply does not contest this assertion of fact, and the Court therefore presumes the assertion to be accurate.

5

While Defendants' response does not explicitly state that Great West's payment of property damage benefits was to MC Tank Transport, as opposed to Cervetto, this is the only logical conclusion. It is improbable that Great West would have made payment for property damage under a vehicle collision policy issued to MC Tank Transport for damage to property other than that owned by MC Tank Transport.

The problem with applying <u>Winsett</u> to the present case is that MC Tank Transport, Great West's subrogor, is not a party to this action and did not file the underlying complaint. The facts of this case are similar to those in <u>Amer. Premier Ins. Co. v. McBride</u>, 159 S.W.3d 342 (Ky. Ct. App. 2004). In that case, American Premier insured a vehicle driven by Roberson. Roberson was involved in a collision with McBride and American Premier paid property damage benefits to Roberson. American Premier then filed an action against McBride on its subrogation interest to recover the property damage benefits it paid to Roberson. The Kentucky Court of Appeals held that American Premier's claim was barred by the two-year statute of limitation under KRS § 413.125. The court arrived at this conclusion by observing that the limitation period applicable to American Premier's subrogation claim was the same as the statute of limitation which would be applied to its insured if he proceeded directly against the alleged tortfeasor.[1] The court also noted that the statute of limitation began running at the time of the accident, rather than on any later date when payment of benefits was made.

Consequently, the fact that Cervetto timely filed this action does not inure to Great West's benefit insofar as calculating the statute of limitations because he is not Great West's subrogor. The applicable statute of limitation is determined by the time in which MC Tank

---

[1] <u>Winsett</u> observed that among Kentucky state courts, "there appears to be confusion in the law" as to the applicable statute of limitation, but concluded that, regardless of what statute applied, the limit was two-years. 153 S.W.3d at 864. <u>American Premier</u>, on the other hand, concluded that the statute of limitation under Kentucky's Motor Vehicle Reparations Act did not apply to property damage subrogation claims and that KRS § 413.125 is the applicable statute. 159 S.W.3d at 346-50.

Transport could have brought a direct action against the Defendants for property damage. Under KRS § 413.125, that time was two years. Great West is bound by that same time limit, and the intervening complaint is time barred. Filing of the intervening complaint would therefore be a futility.

2. Timeliness of Motion to Intervene

Even if not barred by statute of limitation, the motion to intervene would be denied as untimely. While the Court notes that the Kentucky Court of Appeals indicated that any intervention by a subrogor into a lawsuit filed by a subrogee would presumptively be deemed timely if done any time prior to trial or other disposition of the case, that portion of the court's holding is not binding on this Court as it goes to an issue of procedure rather than substantive law. Here, Fed. R. Civ. P. 24(a)(2) and federal case law interpreting that rule control the issue of intervention, including the five-factor test for timeliness set forth in Blount-Hill, 636 F.3d at 283.

Defendants argue in their response to Great West's motion that they will be prejudiced by the lateness of the proposed intervention, as it will interject a new issue of damages in the case after discovery has closed, experts have been identified, and the parties are engaged in final trial motions, with a trial date approximately two months away. Defendants also note in their response that the case has been pending for nearly two years and, during that time, Cervetto has continued in employment with MC Tank Transport. They argue that it is unlikely that Great West would have been without the means of learning of the pendency of this case at an earlier date.

Great West did not address the timeliness issue in its reply, choosing to focus solely on the statute of limitation issue and, thus, leaves unrebutted the challenges to the timeliness of the motion and the Defendants' assertion of prejudice. The Court concludes that Great West has

failed to demonstrate that its motion is timely, a mandatory requirement for intervention in this action, and denies Great West's motion on this additional basis.

## ORDER

For the foregoing reasons, Great West's motion for leave to intervene in this action (DN 86) is **DENIED.**

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

June 9, 2016

8