UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14CV-00075-HBB

MICHAEL G. CERVETTO                                                                                    PLAINTIFF

VS.

MARK J. POWELL and
TRANSERVICE LOGISTICS, INC.                                                                  DEFENDANTS

## MEMORANDUM, OPINION, AND ORDER

Before the Court is the Defendants' motion in limine to prohibit Plaintiff's use of the recorded statement of Mark and Sherry Powell during trial (DN 114). Plaintiff has filed a response[1] to the motion (DN 117), and Defendants filed a reply (DN 120).

Also before the Court is Plaintiff's related motion (DN 100)[2] in which Plaintiff seeks to compel attendance of non- party Sherry Powell at trial to testify regarding the recorded statement, and also to compel the attendance at trial of Transervice employee Terry Lutz. Defendants have filed a response (DN 104), and Plaintiff has filed a reply (DN 107).

The Court discussed the motions during the telephonic status conference on October 24, 2016 and requested briefing on any additional authority relative to the motions (DN 118). Thereafter, Defendant filed a supplemental pleading (DN 120) and Plaintiff filed a supplemental pleading 9DN 1210. The motions now stand submitted for ruling.

---

1 Plaintiff mistakenly captioned the response as a reply.

2 Plaintiff's motion also requested a telephonic pretrial conference (DN 100). The Court granted that part of Plaintiff's motion in a separate order (DN 109), and conducted the telephonic pretrial conference on October 24, 2016 (DN 118).

    A.  <u>Use of the transcribed statement and compelling Sherry Powell to testify at trial.</u>

This action arises from a collision between two commercial vehicles. Plaintiff Michael G. Cervetto ("Cervetto") was the driver of one vehicle and Defendant Mark J. Powell ("Powell"), employed by Defendant Transervice Logistics, Inc. ("Transervice"), drove the other. Following the accident, a representative of Travelers Insurance Company, which insured the Transervice vehicle, conducted a recorded telephonic interview with Mark Powell. As the interview progressed, Mark Powell asked his wife, non-party Sherry Powell, to take the phone and answer certain questions on his behalf. The recording of the interview was later transcribed (DN 114-2). During the telephonic conference with the Court, Defendants' counsel indicated that the audio recording no longer existed. Plaintiff came into possession of the transcription through Defendants' inadvertent production in discovery. Defendants advance several reasons why Plaintiff should be prohibited from utilizing the transcript as evidence during the trial.

        1.  <u>Authentication</u>

Defendants contend that Plaintiff cannot satisfy his burden of authenticating the transcript. They argue that under Fed. R. Evid. 901(b)(1) Plaintiff must introduce the transcription through the testimony of a witness "that an item is what it is claimed to be."[3] There is no contemporaneous audio recording of the conversation with which the transcription can be compared. Defendants assert that Plaintiff has not identified any trial witness who has

---

3 The statement was inadvertently produced by the Defendants in discovery. Plaintiff does not argue, nor does the undersigned believe, that this, in and of itself, makes the document self-authenticating. "The fact that [a] document was produced in discovery does not, like an evidentiary Philosopher's Stone transmute it into an admissible self-authenticating document." <u>Romero v. Nevada Dept. of Corr.</u>, No. 2:08-cv-808-JAD-VCF, 2013 U.S. Dist. LEXIS 168736, at *38 n. 18 (D. Nev. July 19, 2011) (*quoting* <u>United States v. Novelli</u>, 381 F. Supp. 2d 1125, 1130 (C.D. Cal. 2005)). The undersigned is aware of cases holding to the contrary. *See, e.g.* <u>Robinson v. City of Garland</u>, No. 3:10-CV-2496-M, 2016 U.S. Dist. LEXIS 132447, at *15 n. 11 (N.D. Tex. Aug. 17, 2016); <u>Hannon v. Kiwi Servs.</u>, No. 3:10-CV-1382-K-BH, 2011 U.S. Dist. LEXIS 152114, at *6-7 (N.D. Tex. Dec. 30, 2011). Having located no authority within the Sixth Circuit endorsing the latter view, and in light of the 2011 amendment of the rule to remove reference to an "admission" by a party, the undersigned is not persuaded that cases interpreting Fed. R. Evid. 801(d)(2)(A) as automatically authenticating any documents produced by an opposing party in discovery as an "admission" are correct. To conclude that merely because something is discoverable it is automatically authenticated renders the rules regarding authentication meaningless.

knowledge of how the transcription came into existence, and neither Mark nor Sherry Powell created the transcript and cannot vouch for the document.

The Court notes that, when confronted with a similar situation in which the audio recording of a transcribed conversation was not available for comparison, the court in Morris v. Board of Educ. of Estill Co., Ky., No. 5:08-cv-00513-KKC, 2010 U.S. Dist. LEXIS 84309, at *2-3 (E.D. Ky. Aug. 16, 2010), held that "[b]ecause the cassettes are unavailable, there is no way to authenticate the transcript to determine their accuracy and authentication is a prerequisite to the admissibility of evidence."

2. Hearsay

Defendant's next argument is that the transcription is not admissible because it constitutes hearsay. Post-accident witness interviews are "classic hearsay." Essex Ins. Co. v. Fidelity and Guar. Ins. Underwriters, Inc., 282 F. App'x 406, 411 (6th Cir. 2008) (Unpub.). At the conclusion of the transcript, there appears the notation:

> "I, Adam Bauman, Legal Transcriptionist, do hereby certify that the foregoing testimony, prepared from designated portions of audio files furnished by the parties herein, is true and accurate to the best of my knowledge and belief and has not been altered or edited other than where necessary for translation."

(DN 114-2, p. 14).

The characterization of the statement as "testimony" is incorrect. There is no indication that either party to the conversation was placed under oath at the commencement of the interview. To the contrary, the first statement on the transcript is: "[a]ll right. Mark, just so you're aware, the conversation we're having is being recorded for quality purposes" (Id. at p. 1). Adam Bauman's signature is not notarized or witnessed and he will not appear as a witness at

3

trial. The Travelers representative taking the recorded statement is not identified. Neither of the Powells signed or otherwise acknowledged the transcription.

A hearsay exception must be applicable for the transcript to be utilized in some form at trial. The Court observes that the transcript might fall within the hearsay exception for prior inconsistent statements by an opposing party under Fed. R. Evid. 801(d)((2)(A), however this exception requires a predicate authentication of the prior statement.

> A statement qualifies as a party statement under Rule 801(d)(2)(A) even though the party denies having made it, if the statement's proponent provides adequate proof to support a finding that the statement was made by the party. However, in the absence of adequate proof that the statement was made by the party, the statement will be excluded as hearsay.

5-801 Weinstein & Berger, Weinstein's Fed. Evid. § 801.30[3] (Matthew Bender 2016); *see also* Ellipsis, Inc. v. The Color Works, Inc., No. 03-2939 B, 2006 U.S. Dist. LEXIS 29583, at *31 (W.D. Tenn. Jan. 25, 2006) (Rule 801(d)(2) requires authentication of documents claimed to be a party admission). As noted earlier, there are no witnesses who can authenticate the transcription of the audio recorded statement.

With regard to Sherry Powell's portion of the transcription, 801(d)(2)(A) is inapplicable because she is not an opposing party. Rule 801(d)(1)(A), governing prior statements of a witness, is also inapplicable because the prior statement must be one given under oath and the transcription is not sworn testimony.

Plaintiff advances Fed. R. Evid. 612, which deals with writings used to refresh a witness's memory, as a basis upon which to admit Defendant Mark Powell's portion of the transcribed statement. Plaintiff states Rule 612 allows him to "use the Powells' written recorded statement to refresh his memory about what was said to the Traveler's insurance investigator

after the accident" (DN 121, p. 2).  Plaintiff further argues the hearsay exclusion is overcome by Fed. R. Evid. 803(5) as the statement is a recorded recollection.

The hearsay exception to past-recorded recollection under Fed. R. Evid. 803(5) allows such statements when they deal with a matter the witness once knew about but now cannot recall well enough to testify fully and accurately.  The record must have been made or adopted by the witness when the matter was fresh in the witness's memory and accurately reflect the witness's knowledge.  In this case, Mark Powell has testified that he had a sudden and unexpected loss of consciousness which caused the accident.  With the exception of those events occurring while he was unconscious, he has testified as to the facts of the accident.  He has also testified as to his medical history.  These are the two topics also involved in his Travelers statement and there is no indication that he will lack knowledge of these topics at trial.  Where a witness does not suffer from a lack of memory, past recollection recorded is inapplicable.  Rush v. Illinois Cent. R.R. Co., 399 F.3d 705, 719 (6th Cir. 2005).  Moreover, where a statement was recorded by someone other than the testifying witness, a foundation must be laid as to the accuracy of the recording (or, in this case, both the accuracy of the recording and transcription).  Simpson v. Saks Fifth Ave., Inc., No. 07-CV-0157-CVE-PJC, 2008 U.S. Dist. LEXIS 60480, at *14 (N.D. Okla. Aug. 8, 2008).

3. Spousal Privilege

Spousal privilege stands as a further impediment to Plaintiff's intention to subpoena Sherry Powell to authenticate the transcription of her statement to the insurance representative. Jurisdiction for Plaintiff's claim in this action is founded upon diversity of citizenship (DN 1).

Pursuant to Fed. R. Evid. 501 state law governs the application of privilege. Ky. R. Evid. 504(a) establishes a privilege for spousal testimony. The Rule provides:

> Spousal testimony. The spouse of a party has a privilege to refuse to testify against the party as to events occurring after the date of their marriage. A party has a privilege to prevent his or her spouse from testifying against the party as to the events occurring after the date of their marriage.

Ky. R. Evid. 504(a).

The rule includes a number of exceptions to the privilege, such as criminal conspiracy, domestic abuse or matters involving the interest of a minor child, but none of those exceptions apply here. If Plaintiff was able to overcome the hurdles previously discussed regarding authentication of the transcribed statement, then the spousal privilege would not preclude use of the statement itself. "[A]n out-of-court statement of a witness who is precluded from testifying because of invocation of spousal privilege is admissible if that statement falls within a recognized exception to the hearsay rule and if it does not divulge a marital communication." Slaven v. Commonwealth, 962 S.W.2d 845, 853 (Ky. 1997).

Insofar as Plaintiff seeks to have Sherry Powell appear as a witness at trial for purposes of authenticating the portion of the transcript where she spoke with the insurance representative, both she and her husband have invoked their respective claims to privilege. Plaintiff has not provided citation to any authority which would suggest that the privilege is inapplicable to this situation. The question is whether testimony directed to authentication of a prior statement regards "an event" as described in the rule. Professor Lawson provides the following guidance on the scope of the rule:

> The "spousal testimony" privilege is defined in KRE 504(a) and is considerably more comprehensive than other privileges in the law of evidence. When applicable, it provides protection against a use of *any and all information* that could be obtained from a spouse

6

>       about events involved in the case in which the privilege is claimed (while most other privileges only provide protection for confidential communications).

Lawson, The Ky. Evid. Law Handbook § 5.10[2][a] (5th ed. 2013) (emphasis in original).

The undersigned concludes that the privilege is a testimonial privilege and the giving of a statement regarding the subject of this action is an "event" related thereto. Consequently, the invocation of the privilege bars any questioning of Sherry Powell about the recorded statement, including the fact of having given the statement and the accuracy or veracity of the contents.

   B. Subpoena of Terry Lutz as a Witness

Terry Lutz is an employee of Transervice. The parties agree that she does not live or physically appear for work in Kentucky or within 100 miles of the trial venue in Bowling Green, Ky. Plaintiff asks that she be compelled to attend trial as a witness.

Plaintiff states that "the issue of whether an employee of a party can be subpoenaed under Federal Civil Rule 45 (c)(3)(A)(ii) when the employee/officer resides or works more than 100 miles away from the court has been addressed by several courts" (DN 100, p. 2). He goes on to cite In re: Vioxx Prods. Liab. Litig., 438 F. Supp. 2d 664 (E.D. La. 2006), Seiter v. Yokohama Tire Corp., No. C08-5578 FDB, 2009 U.S. Dist. LEXIS 106395 (W.D. Wash. Nov. 3, 2009), Aristocrat Leisure Ltd. V. Deutsche Bank Trust Co. Americas, 262 F.R.D. 293 (S.D.N.Y. 2009), In re: Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., No. 1:00-1898, MDL 1358 (SAS), M21-88,04-CV-3417, 2009 U.S. Dist. LEXIS 86950 (S.D.N.Y. June 24, 2009), and Scottsdale Ins. Co. v. Education Mgt., Inc., No. 04-1053 Section "C" (3), 2007 U.S. Dist. LEXIS 53895 (E.D. La. Jan. 23, 2007), as cases supporting the proposition that the 100 mile limit on subpoenaed compulsory attendance at trial does not apply to employees of parties to the litigation.

The flaw in Plaintiff's argument is that Rule 45 was amended in 2013 to remove section (c)(3)(A)(ii).  The Advisory Committee notes observe that the amendments "resolve a split in interpreting Rule 45's provisions for subpoenaing parties and party officers."  Advisory Committee Notes, Rule 45, 2013 Amendment, Subdivision (c).  Rule 45(c)(1)(A) currently provides that, for appearance at a trial, a subpoena may command a witness to appear within 100 miles of where the person resides, is employed or regularly transacts business in person.  If the witness is a party's officer, Rule 45(c)(1)(B) permits compulsion of attendance within the state where the person resides, is employed or regularly transacts business in person.

There is no latitude in interpreting the rule beyond its strict terms.  "[T]hese rules were not made to be 'tempered'; they were made to be 'technical' -- from the specific amount of fees to be tendered, to the court issuing the subpoena, to the geographic scope of the request."  Hill v. Homeward Residential, Inc., 799 F.3d 544, 553 (6th Cir. 2015).  Consequently, the only possible basis upon which Ms. Lutz could be compelled to appear at trial is if she regularly transacts business in person in Kentucky, notwithstanding that it does not involve any physical presence.

Ms. Lutz handles liability and worker's compensation claims for Transervice on a nationwide basis, although she does not personally investigate the underlying claim (DN 104-1, p. 2-3).  Plaintiff has suggested that Ms. Lutz placed some telephone calls to Kentucky in the course of handling the claim.  While this may constitute same manner of transacting business, the qualifier that it be "in person" cannot be ignored.  A fundamental objective of Rule 45 is avoidance of undue burden and expense.  See Rule 45(d).  For this reason, limits are placed on the geographic scope of compulsory attendance at judicial proceedings.  If an individual regularly conducts business in person in a state, it is not unreasonable to expect them to attend a trial in that state even if it involves travel.  The same cannot be said for placing telephone calls

on a limited or occasional basis. To hold otherwise would be to subject an employee to the burden of traveling anywhere in the United States to which he or she made a business-related call.

Wherefore, the Court rules on the pending motions as follows:

**IT IS HEREBY ORDERED** that Cervetto's motion to deem Sherry Powell and Terry Lutz subject to compulsory attendance at trial through subpoena (DN 100) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion in limine (DN 114) to prohibit the use of the Transcript of the Recorded Statement is **GRANTED**. The Court may revisit this ruling during trial, however, should testimony warrant so doing.

Copies:	Counsel